IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 5:98-cr-06-LC-GRJ

DONALD ALLEN
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 244, Defendant's motion for a certificate of appealability, and Doc. 245, Defendant's motion for leave to appeal *in forma pauperis*. The motions have been referred to the undersigned for recommended disposition. For the following reasons, the undersigned recommends that the motions be **DENIED.**

Defendant was convicted at trial of conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute cocaine base, and using and carrying a firearm during and in relation to a drug trafficking offense. (*See* Docs. 6, 76). He was sentenced to life imprisonment to be followed by a consecutive term of 60 months. (Doc. 88). His conviction and sentence were affirmed on direct appeal. (Doc. 122). His subsequent motion filed pursuant to 28 U.S.C. § 2255 was denied. (Docs. 164, 166). Among other issues raised in that motion, Defendant contended that state court convictions used to enhance his sentence were obtained in violation of his right to counsel. *See id*.

Defendant subsequently filed a "Motion for Review of a Sentence Pursuant to 18 U.S.C. § 3742(a)(1) and/or Motion to Vacate, Set Aside, Or Correct a Sentence Pursuant to 28 U.S.C. § 2255 and/or Motion for Reconsideration Pursuant to Rule 60(b)(6) of Federal Rules of Civil Procedure." (Doc. 178). As to that portion of the

Defendant's motion related to seeking relief pursuant to Rule 60(b), the Court found the motion should be construed as one brought under § 2255, and that the motion was due to be dismissed because Defendant had not obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion. (Doc. 79.) The Court also found Defendant's motion to be untimely. (*Id.*)

Defendant filed another motion pursuant to Fed. R. Civ. P. 60(b), challenging the enhancement of his sentence based upon one of his state court convictions which Defendant contended was improper because he was represented by stand-in counsel during his plea. Doc. 210. The Court found that the claims in the motion had previously been raised by Defendant and rejected by the Court. (Doc. 212.) Defendant appealed and sought a certificate of appealability (COA). The Court denied Defendant a COA, and denied him leave to proceed as a pauper, finding that the appeal was not taken in good faith. (Docs. 218, 222.) The Eleventh Circuit denied Defendant a COA. (Doc. 225.)

Defendant filed another Rule 60(b) motion, again challenging on the merits the Court's denial of his § 2255 motion. Defendant again argued that his sentence was improperly enhanced on the basis of a state court conviction because he was represented by stand-in counsel during his plea in the state case. (Doc. 233.) The Court denied the motion, finding that Defendant's claims were not properly raised in a Rule 60(b) motion and that Defendant must obtain authorization from the Eleventh Circuit to file a second or successive motion under § 2255. (Doc. 234.)

Defendant then filed a "motion to correct record" pursuant to Fed. R. Crim. P.

36[1], contending that his PSR incorrectly described one of his prior state convictions as "possession with intent" rather than "simple possession." (Doc. 235.) Defendant also filed a motion for reconsideration of the Court's order denying his latest Rule 60(b) motion. (Doc. 236.) The Court summarily denied both motions. (Docs. 239, 240.)

Defendant filed a notice of appeal stating that he was appealing "the final judgment denying his Fed. R. Crim. P. 36" motion. (Doc. 241.) Defendant also filed a motion for a COA with respect to the denial of his latest Rule 60(b) motion, and a motion for leave to proceed as a pauper. (Docs. 242, 245.)

An appeal of the denial of a Rule 60(b) motion requires a certificate of appealability. *Williams v. Chatman,* 510 F.3d 1290, 1294 (11th Cir. 2007); *Gonzalez v. Sec'y for Dept. of Corrections*, 366 F.3d 1253, 1263 (11th Cir. 2004). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). The certificate of appealabilty is a threshold requirement that filters from the appellate process cases in which the possibility of reversal is "too unlikely to justify the cost for the system of a full appellate examination." *Gonzalez*, 366 F.3d at 1264. Thus, a certificate of appealability should not issue in the appeal from the denial of a Rule 60(b) motion unless Defendant shows, at a minimum, that it is debatable among jurists of reason whether the district court abused its discretion in denying the motion. *See Mobley v. Head*, 306 F.3d 1096, 1097 (11th Cir. 2002).

In this case, issuance of a COA is not warranted because the record, as

---

[1]Fed. R. Crim. P. 36 applies to "clerical errors" in the judgment or record.

summarized above, establishes that it is not debatable among jurists of reason whether the Court abused its discretion in denying the motion. Defendant may seek a COA from the Eleventh Circuit pursuant to Fed. R. App. P. Rule 22(b)(1) and Rule 22-1(b) of the Eleventh Circuit Rules.

Because the Court previously determined that Defendant is indigent, Defendant does not require further authorization to proceed *in forma pauperis* on appeal, unless the Court certifies that the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3). Defendant's appeal is not taken in good faith, inasmuch as he has not identified any nonfrivolous issue for appeal. *See* Fed. R. App. P. 24(a)(1) (party seeking leave to appeal *in forma pauperis* must file an affidavit claiming entitlement to redress and stating issues the party intends to present on appeal). The Court's previous orders denying Defendant's successive requests for relief, summarized above, establish that Defendant is seeking to relitigate claims that the Court has previously rejected. Defendant has failed to identify any arguable basis for appealing the Court's determination that relief under Rule 60(b) or Fed. R. Crim. P. 36 is not warranted. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact.").

In light of the foregoing, it is respectfully **RECOMMENDED** that the motions for COA (Doc. 244) and for leave to appeal as a pauper (Doc. 245) be **DENIED.**

**IN CHAMBERS** at Gainesville, Florida, this 11th day of September 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**